**YI GUO CHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–0649–ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Frank R. Liu, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri; Wesley D. Wedemeyer, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yi Guo Chi, through counsel, petitions for review of the BIA's January 2005 order affirming Immigration Judge ("IJ") Alan A. Vomacka's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Guo Chi,* No. A78 964 244 (B.I.A. Jan. 12, 2005), *aff'g* No. A78 964 244 (Immig. Ct. N.Y. City Sept. 26, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks and citations omitted).

Substantial evidence supports the IJ's adverse credibility determination. The IJ appropriately factored Chi's hesitant demeanor into his adverse credibility determination. *See Zhou Yun Zhang,* 386 F.3d at 73–74 (stressing that a fact-finder who assesses testimony together with demeanor is in the best position to discern the more accurate impression conveyed by the witness). Additionally, the IJ accurately observed that Chi's testimony was inconsistent with his written application and his wife's letter regarding when his wife discovered she was pregnant. Chi's application stated that he and his wife discovered she was pregnant in September 1998 and as a result she went into hiding at her grandmother's house, missing her triannual IUD inspection that October. Chi testified, however, that they did not discover her pregnancy until early November. According to both his affidavit and his testimony, in November 1998, a cadre had ordered Chi's wife to attend an IUD inspection because she had missed her October inspection, placing him in custody when she did not appear. As the IJ observed, if Chi and his wife did not discover her pregnancy until November, there would be no reason for Chi's wife to miss the October inspection and go into hiding, and there would be no reason for the cadres to come to the house in November and eventually place Chi in detention. These inconsistencies are plainly material to Chi's claim.

In addition, the IJ accurately observed that Chi's testimony that the Chinese government sent a notice for either him or his wife to be sterilized *after* Chi, at the direction of a smuggler, took a trip to Thailand, indicated that Chi planned to leave China before the Government ordered the sterilization. This fact undermined a material element of Chi's claim, that the impetus for his departure from China was the sterilization notice, and when measured against the entire record, provided a substantial discrepancy to support the IJ's adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 308–09.

Because the IJ's adverse credibility determination is supported by substantial evidence, and because we are confident the IJ would reach the same conclusion even

724

absent any grounds impermissibly relied upon in reaching that determination, we uphold the IJ's denial of asylum. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006). The IJ's adverse credibility determination also necessarily precludes success on Chi's claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Accordingly, the denial of those claims will also be upheld.

However, since the time the IJ found Chi's application to be frivolous, the BIA has explained more concretely the standard for such a finding. *In re Y–L–,* 24 I. & N. Dec. 151 (B.I.A.2007). We therefore grant the petition for review only as to the frivolousness finding, and we remand to the BIA so that it may apply the standards articulated in *Y–L–* to determine if Chi pursued a frivolous application for asylum and withholding of removal.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, the decision of the BIA is VACATED in part, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.